# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELLE EMERICK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> BEACON HILL / LIFESPACE ) <br> COMMUNITIES, ) <br> ) <br> Defendant. ) <br> ) | Case No. 14-cv-1168 <br><br> Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Michelle Emerick, filed a *pro se* Complaint on April 21, 2014, alleging employment discrimination and retaliation against defendants Beacon Hill / Lifespace Communities ( collectively "Beacon Hill"). Beacon Hill moves to dismiss [15] the Complaint in its entirety for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons stated herein, the motion is granted.

**Background**

Beacon Hill is a not-for-profit retirement community owned and operated by Lifespace Communities, Inc. Emerick worked at Beacon Hill from September 27, 2010, to February 11, 2013. According to the Complaint, Emerick alleges that Beacon Hill retaliated against her after she married a co-worker's brother and asked Beacon Hill to add him to her health insurance policy. Emerick alleges that on February 7, 2013, the day after she complained to human resources at Beacon Hill that she was being charged for having her husband on her insurance, despite him not having received an insurance card, that Beacon Hill suspended her to investigate complaints about her

---

[1] Emerick did not file a response to Beacon Hill's motion.

1

work. Beacon Hill terminated Emerick on February 11, 2013, following its investigation into complaints about Emerick's hygiene, backrubs, twice refusing to take a patient to the dining room, entering a resident's apartment with gloves on, and mishandling patient medication.

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569 n.14 (2007). Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *see also Fed. R. Civ. P. 8(a).* On a motion to dismiss, the Court must construe the complaint in the light most favorable to Emerick and draw all reasonable inferences in her favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

Beacon Hill moves to dismiss Emerick's complaint entirely, arguing that Emerick's claim is barred by the statute of limitations and that she fails to state a claim under Title VII. A timely claim for discrimination and retaliation pursuant to Title VII must be brought within 90 days of the plaintiff having received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(f)(1); *see Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). Here, Emerick received her right-to-sue letter on November 25, 2013. Therefore, she had until February 23, 2014, to file a lawsuit against Beacon Hill. Emerick filed her complaint in this matter on April 21, 2014. Accordingly, her claim is barred by the statute of limitations.

Even if her complaint were timely, Emerick fails to state a claim for retaliation or discrimination under Title VII. Title VII prohibits employers from discriminating or retaliating against any individual because of such individual's race, color, religion, sex, or national origin. 42

USCS § 2000e-2. Taking all of Emerick's allegations as true, she still fails to allege any violation of Title VII. The basis for her claim is that Beacon Hill retaliated against her for complaining to human resources that her husband had not been added to her health insurance policy as she had requested. At no point does Emerick allege that this purported retaliation or discrimination stemmed from her membership in a protected class or her participation in a protected activity. *See, e.g., Johnson v. Zion School District No. 6,* 2012 WL 6727406, *3 (N.D. Ill. Dec. 28, 2012). Not every wrong, however deeply felt, is entitled to redress in the federal courts. Here, Emerick fails to adequately plead a claim for discrimination or retaliation and, even if she did, such a claim is barred by the statute of limitations.[2]

**Conclusion**

Based on the foregoing, this Court grants Beacon Hill's Motion to Dismiss the Complaint [15] and dismisses the Complaint with prejudice.

IT IS SO ORDERED.

Date: November 24, 2014

Entered:
Sharon Johnson Coleman
United States District Judge

---

[2] Beacon Hill also argues that Emerick's complaint must be dismissed based on improper service. This Court need not reach that issue because the Court found the complaint time barred and insufficiently pleaded.

3